THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NICOLA CRACKER, PLAINTIFF IN ERROR.

Submitted July 6, 1900—Decided November 12, 1900.

1. Whether a child is of proper age and competent to testify is a matter for inquiry by the court, and rests largely in the discretion of the trial judge, and if there be evidence from which the trial judge may find capacity, the exercise of judicial discretion should not be disturbed.

2. A boy of twelve years of age, who says that he attends Sunday-school and that not to tell the truth is a sin, and that if he does not tell the truth, he will be put in the reform school; and who in answer to the question: "Do you expect to live forever?" says, "No, sir;" and in answer to the question: "After you have done living, what becomes of you?" says, "Then I shall go to heaven;" and in answer to the question: "Suppose you have not been entirely good, what becomes of you then?" says, "Then I shall go to hell;" expresses what is usually considered orthodoxy and has a comprehensive idea of the rewards and punishments incident to honest and dishonest living, and was rightly admitted to testify.

On error to the Quarter Sessions of Mercer county.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *John A. Montgomery.*

For the defendant in error, *William J. Crossley,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. In this case the second assignment of error raises one of the same questions determined at this term in *State* v. *Goldman, ante p.* 394, as to the effect of the refusal of the judge to arrest the judgment after conviction, upon the ground that the indictment was returned in the Oyer and Terminer by a grand jury sworn in the Sessions, and is upon exactly the same state of facts as were involved in that case and we find no error for the reason there given.

The third assignment of error in this case is also similar to the third, fifth and sixth assignments which were not sustained in State *v.* Goldman, and are not sustained here for the same reasons.

The only remaining exception in this case is one that was taken to the ruling of the court allowing Michael Bender, a lad of twelve years of age, to be sworn.

Whether a child is of proper age and competent to testify is a matter of inquiry by the court, and rests largely in the discretion of the trial judge, and if there be evidence from which the trial judge may find capacity to be a witness, the exercise of judicial discretion should not be disturbed. 1 *Greenl. Evid.,* § 367; 2 *Tayl. Evid. (part* 1) 1170, § 1377.

In this case, however, there can be no question, as the evidence satisfies this court that the lad sufficiently understood the nature of an oath and the consequences incident to false testimony. The boy under examination, to ascertain whether he should be sworn, was asked and answered the following questions:

"*Q*. Do you know what it is to take an oath?

"*A*. No, sir.

"*Q*. Do you go to Sunday-school.

"*A*. Yes, sir.

"*Q*. Do you know what will happen to you if you do not tell the truth?

"*A*. Yes, sir.

"*Q*. What will happen?

"*A*. It is a sin.

"*Q*. Have you any idea as to the punishment which will follow if you do not tell the truth?

"*A*. Yes, sir.

"*Q*. What?

"*A*. They will put me in the reform school.

"*Q*. After you die do you know what happens? Do you expect to live forever?

"*A*. No, sir.

"*Q*. After you have done living, what becomes of you then?

"*A*. Then I shall go to heaven.

"*Q*. Suppose you have not been entirely good, what becomes of you then?

"*A*. Then I shall go to hell."

It seems to me that this youth, judged by what is ordinarily considered orthodox, had a comprehensive idea of the rewards and punishments incident to honest and dishonest living, and in addition knew clearly what punishments the law inflicted for perjury, viz., confinement in the reform school. The examination of the boy by the court and counsel, taken as a whole, justified the court in admitting him to be sworn and to testify.

There is no error found in this case, and the judgment is affirmed.