THE STATE, DEFENDANT IN ERROR, v. JOSEPH LABRIOLA, PLAINTIFF IN ERROR.

Argued June 18, 1907—Decided July 2, 1907.

1. If infants, under the age of fourteen years, have a clear apprehension of the penalties which may fall upon them in this life and the punishment which will await them after death, if, upon being sworn as witnesses, they fail to testify truthfully, they are admissible as witnesses if mentally competent.
2. The adjudication as to capacity and responsibility is to be made by the trial court, and the judgment will not be reviewed on error unless it is plainly shown to have been made without any evidence to support it.
3. When infants have been legally admitted to testify, the question of the credit to be given their testimony is wholly for the jury, and the trial court cannot be required to express an opinion upon the credibility of the witnesses, nor the reliability of their testimony.
4. A jury may not be required by the court to restrict its consideration to a single point in the evidence, nor to acquit, upon a reasonable doubt as to the credit to be given to certain witnesses. The jury are to judge upon the whole case, and if they find, in taking into consideration as a whole, evidence convincing their judgment beyond a reasonable doubt, they may convict.

On error to the Court of Oyer and Terminer of Atlantic county.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Joseph E. P. Abbott,* prosecutor of the pleas, and *J. Hampton Fithian.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. Labriola, the plaintiff in error, was convicted of the crime of murder in the first degree in a trial before the Atlantic county Oyer and Terminer. He sued out an ordinary writ of error, which has brought to this court for review the judgment of conviction. The writ has brought up the record, with a bill of exceptions. The entire record of the proceedings has not been returned with the writ, nor have the causes relied upon for relief or reversal been filed or served upon the attorney-general or prosecutor, as required by sections 136 and 137 of the Criminal Procedure act of 1898. *Pamph. L., p.* 915.

The defendant in error must therefore be confined to the errors assigned. *State* v. *Young,* 38 *Vroom* 223; *State* v. *Lyons,* 41 *Id.* 635. Those assignments which have been argued will be considered.

The bills of exception show that two infants, one of the age of nine years and the other of the age of eleven years, were admitted to be sworn, and testified in the cause. An exception was sealed to the ruling admitting them.

Every person over the age of fourteen years is presumed to be competent to be sworn and to testify in any cause, civil or criminal. Such presumption will justify his admission as a witness unless it is overcome by proof. Children under the age of fourteen years are not thus admissible as witnesses. There is no presumption of admissibility in their case, but they are to be admitted if they are adjudged to possess mental capacity and moral responsibility. This adjudication is to be made upon a preliminary examination by the trial court to which they are offered as competent witnesses. 1 *Greenl. Ev.,*

§ 367. With respect to their capacity, the trial court is able to discover its sufficiency in their examination. With respect to their moral responsibility, it has been frequently said that it depends upon their understanding "the nature of the oath." It might puzzle many adult witnesses to explain the nature of an oath. But it is well settled that if infants under the age of fourteen years have a clear apprehension of the penalties which may fall upon them in this life, and the punishment which will await them after death, if, upon being sworn as witnesses, they fail to testify truthfully, they are admissible if mentally competent.

The adjudication as to capacity and responsibility is to be made by the trial court. Its judgment is often said to be an exercise of judicial discretion. Whether that phrase properly describes the nature of the judicial act in admitting infant children as witnesses need not be determined. Whatever its nature may be, it is well settled that the judgment will not be reviewed on error unless it is plainly shown to have been made without any evidence to support it. *State* v. *Cracker,* 36 *Vroom* 410; *State* v. *Tolla,* 43 *Id.* 515.

There is no error disclosed upon this assignment.

It is next contended that, the trial court having refused a request to make known to the jury that the testimony of infants was of an unsatisfactory nature, Labriola's counsel proceeded, after the jury had retired, to request the court to "caution the jury as to the character and nature of the testimony of children of tender years such as the witnesses admitted." This request was refused, and an exception to the refusal was sealed.

As the infants had been legally admitted to testify, the question of the credit to be given to their testimony was wholly for the jury. The trial court could not be required to express an opinion upon the credibility of the witnesses, nor on the reliability of their testimony. If the court might have done so without error, it was not erroneous to decline to do it, and to leave the case to the jury upon the general statements which were contained in the careful and judicious charge of

the trial judge respecting the amount of evidence required to convict of the grave crime of which Labriola was accused.

We perceive no error in the refusal complained of.

It is lastly contended that there was error in the refusal of the trial court to charge two of the requests of Labriola, viz., (a) "If the jury should believe that Raymond was not present as related by the children, Labriola must be acquitted," and (b) "If the jury have a reasonable doubt of the truthfulness of the story of the children touching the alleged assault made by Labriola, there must be an acquittal."

The questions raised by the assignments may be considered together, for they disclose a misunderstanding frequently shown by counsel in trials of this serious character. Such requests pick out, and seek to have the question of the guilt or innocence of the accused turn upon, some separate incident of the trial. This is a totally incorrect notion. A jury may not be required by the court to restrict its consideration to a single point in the evidence, nor to acquit upon a reasonable doubt as to the credit to be given to certain witnesses. The jury are to judge upon the whole case, and if they find, in taking it into consideration as a whole, evidence convincing their judgment beyond a reasonable doubt, they may convict. It was not erroneous to refuse to charge either of the requests.

Upon the whole case the conviction of Labriola must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, GREEN, GRAY, DILL, J.J.  13.

*For reversal*—None.